## KIMMEL ET AL. *v.* WAGNER ET AL.

Where the intent is clear, a devise to an institution under a wrong or abbreviated name is good.

**Error to the Common Pleas of Schuylkill county.**

PER CURIAM. Filed March 9, 1874.

This will is very inartificially drawn, and suffered no doubt in its translation from the German. Yet we think it is substantially sufficient to carry the title to the land in controversy to the "Board of Trustees of the German Eldership of the Church of God," the corporation intended by the testator. The sixth section of the charter provides that no misnomer of the corporation shall defeat any gift or devise to it, provided the intent of the party making it sufficiently appear on the face of the will. Clearly the name used in the will, "the German Eldership," marks the testator's intent with sufficient precision to enable us to conclude from the face of the will that he meant the corporation above named. The testimony offered was not to change the name of the devisee mentioned in the will, but to show that the corporation was ordinarily named by others as it was by the testators, and thereby to identify the corporation more conclusively. It is competent to show that a person who has a full name is known by a part of it. If this were not so, those who use initials instead of their full name, would be often excluded from the ownership of property. The use intended for the work of God and the poor is sufficiently explained by the after part of the will to give it effect, the poor being described, and the preacher of the congregation being designated as the person to receive the remainder of the sum needed for his support, not provided for by the congregation.

Judgment affirmed.